SO ORDERED: April 8, 2016.



Basil H. Lorch III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re:  )<br>MARK A. COULTER,  )<br>        Debtor  )<br>_____ ) <br>  ) <br>INDIANA DEPARTMENT OF  ) <br>WORKFORCE DEVELOPMENT,  ) <br>        Plaintiff,  ) <br>  ) <br>v.  ) <br>  ) <br>MARK A. COULTER,  ) <br>        Defendant.  ) <br>_____ ) | | Case No. 15-91192-BHL-13<br><br><br><br><br><br><br><br>Adv. No. 15-59047 |

**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

After the Defendant, Mark A. Coulter ["Coulter"] filed a Chapter 13 Bankruptcy Petition on June 30, 2015, the Plaintiff, Indiana Department of Workforce Development ["Department"] filed this Complaint on October 28, 2015, alleging a nondischargeable debt of Twenty-Seven Thousand Seven Hundred Fifty-One and 94.100 Dollars ($27,751.94) under 11 U.S.C. § 523(a)(2)(A). That debt is comprised of unemployment benefit repayment obligations as well as

penalties. This matter now comes before the Court on competing Motions for Summary Judgment. The Defendant's Motion for Summary Judgment [Docket No. 12] was filed on February 19, 2016 and the Plaintiff's Cross-Motion for Summary Judgment [Docket No. 17] was filed on March 1, 2016.

In the respective motions, Coulter concedes the nondischargeable nature of the benefit overpayment and interest under section 523(a)(2)(A), therefore only the dischargeability of the penalties is in issue. Specifically, the parties dispute whether liability for the statutory penalties may be excepted from discharge pursuant to 11 U.S.C. 523(a)(2)(A) or whether such penalties may only be excepted under section 523(a)(7). If the Department is limited to proceeding under section 523(a)(7), the penalties would be dischargeable in Chapter 13. As a separate matter, Coulter objects to the Department's request that fees be awarded and deemed nondischargeable.

Undisputed Facts

Coulter filed weekly claims for unemployment benefits through the Indiana Department of Workforce Development from time to time for emergency unemployment benefits (EUC) with the benefit year ending February 14, 2009, for EUC benefits with the benefit year ending February 13, 2010, for extended benefits (EB) with the benefit year ending February 13, 2010, and for regular (REG) benefits with the benefit year ending December 29, 2012, certifying for each week that he was unemployed, received no wages, and was eligible to receive benefits. The Department paid Coulter Two Thousand Two Hundred Fifty-Two Dollars ($2,252.00) in benefits upon Defendant's EUC claim for the benefit year ending February 14, 2009; Five Thousand Four Hundred Sixty-Seven Dollars ($5,467.00) in benefits upon Defendant's EUC claim for the benefit year ending February 13, 2010; Four Thousand Four Hundred Sixteen Dollars ($4,416.00) in benefits upon

Defendant's EB claim for the benefit year ending February 13, 2010; and Eight Hundred Eighty-Seven Dollars ($887.00) in benefits upon Defendant's REG claim for the benefit year ending December 29, 2012.[1]  A subsequent investigation by the Department found that Coulter failed to disclose material facts which would have made him ineligible to receive the stated benefits which were paid to him.

Specifically, Coulter was employed by and received wages from: French Lick Resort and Casino LLC during the compensable weeks of July 19, 2008 to September 13, 2008; Bedford Recycling Inc. during the compensable weeks of April 10, 2010 to July 10, 2010 and July 24, 2010 to October 16, 2010; Cosner Ice Company Inc. during the compensable week of September 26, 2009; Trueblue Enterprises Inc. during the compensable week of November 13, 2010; and, Swift Transportation Company Inc. during the compensable weeks of March 17, 2012 and March 31, 2012 to April 21, 2012.

The Department subsequently issued four Determinations of Eligibility ("Determinations") mailed on July 3, 2013, which concluded that Coulter knowingly failed to disclose or falsified material facts and that he was employed and receiving deductible income/earnings during the benefit weeks. Coulter did not appeal the Determinations and they therefore became final pursuant to I.C. § 22-4-17-2 on July 15, 2013.

Further, pursuant to I.C. § 22-4-13-1.1(b), the Department is entitled to receive civil

---

1 Paragraphs 20-22 of the Complaint allege that, in addition to the foregoing, the Department paid Coulter a total of Three Thousand Five Hundred Sixty-Three Dollars ($3,563.00) upon Defendant's EUC claim for the benefit year ending February 13, 2010; a total of One Thousand One Hundred Ninety-Five Dollars ($1,195.00) in benefits upon Defendant's EB claim for the benefit year ending February 13, 2010; and Seven Hundred Thirty-Seven Dollars ($737.00) upon Defendant's REG claim for the benefit year ending December 29, 2012. It is unclear why these amounts were set out separately, yet inasmuch as penalties were not assessed on the foregoing benefits, it does not affect the Court's determination.

penalties in the amount of "twenty-five percent (25%) of the overpayment amount for the first instance, fifty percent (50%) of the overpayment amount for the second instance, and one hundred percent (100%) of the overpayment amount for the third and each subsequent instance where an individual failed to disclose material facts which would have made an individual ineligible to receive benefits." Coulter incurred a penalty of Five-Hundred Sixty-Three Dollars ($563.00) for the EUC claim for the benefit year ending February 14, 2009; a penalty of Two Thousand Seven Hundred Thirty-Three and 50/100 Dollars ($2,733.50) for the EUC claim for the benefit year ending February 13, 2010; a penalty of Four Thousand Four Hundred Sixteen Dollars ($4,416.00) for the EB claim for the benefit year ending February 13, 2010; and a penalty of Eight Hundred Eighty-Seven Dollars ($887.00) for the REG claim for the benefit year ending December 29, 2012. Coulter did not appeal the penalties.

<u>Standard of Review</u>

Summary judgment is mandated where there are no disputed issues of material fact and the movant must prevail as a matter of law. *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party presents a prima facie showing that he is entitled to judgment as a matter of law, the party opposing the motion may not rest upon the mere allegations or denials in its pleadings but must affirmatively show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex*, 477 U.S. at 323;

4

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When reviewing facts in support of a motion for summary judgment, a court must construe all facts in the light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-American, Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). The court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but rather to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249.

Discussion

In his Motion for Summary Judgment, Coulter relies heavily upon the case of *In re Andrews,* 2015 WL 5813418 (Bankr. E.D. Mich. October 2, 2015) (Randon, J.) as support for his position. The court in that case, involving a quadruple-damage statutory penalty for fraudulently obtained unemployment benefits, found that *all* "penalties 'payable to and for the benefit of a governmental unit' fall within section 523(a)(7)'s ambit" and thus are dischargeable under chapter 13, even if the underlying debt was obtained by fraud. *Id.* at *4.

The court noted that "[a]t first blush, *Cohen*[2] does seem to definitively hold that section 523(a)(2)(A) applies to *all* debt that arises from fraud. But *Cohen* did not involve a penalty owed to a government – a scenario Congress directly addressed in another, more specific, subsection of 523(a) – and omitted from the list of nondischargeable debts in section 1328(a)." *Id.* The court went on to conclude that a fraud penalty payable to a governmental entity is covered exclusively by section 523(a)(7), by virtue of the following language uttered in dictum in *Cohen*:

> If, as petitioner contends, Congress wished to limit the exception [under 523(a)(2)(A)] to that portion of the debtor's liability representing a restitutionary -as opposed to a

---

2 *Cohen v. de la Cruz*, 523 U.S. 213 (1998).

5

> compensatory or punitive- recovery for fraud, one would expect Congress to have made unmistakably clear its intent to distinguish among theories of recovery in this manner. See, *e.g.* § 523(a)(7) (barring discharge of debts "for a fine, penalty, or forfeiture payable to … a governmental unit," but only if the debt "is not compensation for actual pecuniary loss").

*Cohen*, 523 U.S. at 222.

Such logic is unpersuasive. That language in *Cohen* merely serves to show just what it says: that Congress knows how to limit an exception if it so chooses. To make the point, the Court went on to compare and contrast section 523(a)(2) with the more narrowly drafted section 523(a)(7) which contains limiting language. This Court adopts, instead, the reasoning of another judge out of that same district. In a case issued a few months subsequent to *Andrews,* Judge Tucker in *In re Kozlowki*, 2016 WL 1178377 (Bankr. E.D. Mich. March 25, 2016), interpreted the same dicta to "support the Supreme Court's conclusion that § 523(a)(2) covers not only restitutionary debt, but also compensatory and punitive debt – i.e., 'any debt' respecting 'money, property, services, … or credit' that the debtor has fraudulently obtained." *Id.* at *4 (citing *Cohen,* 523 U.S. at 218, 118 S.Ct. 1212 (quoting 11 U.S.C. § 523(a)(2)).

Further, as regards the statutory history of section 1328(a), the *Kozlowki* court had this to say:

> It is true that Congress did not specifically list civil fraud penalties owed to governmental units as nondischargeable in Chapter 13, when it amended § 1328(a) in 1990, 1994, or 2005. But instead, in 2005 Congress made **all** debts arising from fraud nondischargeable in Chapter 13, by adding § 523(a)(2) to the list of debts excepted from discharge in § 1328(a). And Congress did this some seven years after *Cohen* was decided (in 1998).

*Kozlowki*, at *6. In other words, a careful review of history shows that Congress fully intended that all debts for fraud under § 523(a)(2), including debts that are compensatory in nature as well as debts that are punitive in nature, be nondischargeable in Chapter 13. *Id.* at *7.

6

Finally, the Court finds that governmental agencies are not limited in recourse to section 523(a)(7) as regards penalties incurred by fraud. Moreover, finding that the government may assert a nondischargeability claim for penalties under section 523(a)(2)(A) does not render section (a)(7) superfluous. Both sections include within their ambit non-compensatory penalties payable to and for the benefit of a governmental agency that arise from fraud and the government's claim fits within the overlap of those two sections. The Supreme Court discussed this issue of statutory overlap in the following case cited by *Kozlowki*:

> Redundancies across statutes are not unusual events in drafting, and so long as there is no "positive repugnancy" between two laws (citation omitted), a court must give effect to both. Because giving effect to both §§ 1291 and 158(d) would not render one or the other wholly superfluous, we do not have to read § 158(d) as precluding courts of appeals, by negative implication, from exercising jurisdiction under § 1291 over district courts sitting in bankruptcy. We similarly do not have to read § 158(d) as precluding jurisdiction under § 1292. While courts should disfavor interpretations of statutes that render language superfluous, in this case that canon does not apply.

*Id.* at *9 (citing *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992)).

Since the Supreme Court's definitive ruling in *Cohen* in 1998, courts have consistently acknowledged the broad scope of section 523(a)(2) which prohibits debtors from discharging all liabilities incurred on account of their fraud, punitive as well as compensatory. As stated by that Court, it is "unlikely that Congress . . . would have favored the interest in giving perpetrators of fraud a fresh start over the interest in protecting victims of fraud." *Cohen* at 223, 1219 (citing *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 659-660 (1991)). That Court did not distinguish between private and governmental victims and this court likewise finds no meaningful basis to do so. As for the Plaintiff's request for adversarial filing costs incurred in

7

filing this action, the Court finds no statutory basis for including an award of fees and so denies same.

## Conclusion

Based upon the undisputed facts, the Court finds that the Department's claim for penalties is excepted from discharge by virtue of section 523(a)(2)(A) but, there being no statutory basis for the award of fees and costs, such claim is denied. Defendant's Motion for Summary Judgment should be, and accordingly is, **DENIED**. For the reasons stated herein, the Court **GRANTS** the Plaintiff's Motion for Summary Judgment. Judgment in accordance with the foregoing shall be entered in favor of the Department by separate Order.

**SO ORDERED AND ADJUDGED.**

###